UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Raul Alberto Timpson Miles,

    *Plaintiff*,

v.

Versaggi Shrimp Corp.,

    *Defendant*.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Raul Alberto Timpson Miles sues Versaggi Shrimp Corp., for compensatory and punitive damages and alleges:

## FACTS COMMON TO ALL COUNTS

1. Plaintiff Raul Alberto Timpson Miles ("Timpson") is a seaman. On or about December 5, 2025, he was employed as a seaman aboard the F/V FORTUNA.

2. At all times material, Versaggi Shrimp Corp. ("Versaggi") was the titled owner of the vessel F/V FORTUNA.

3. At all times material, Defendant Versaggi employed Plaintiff as a seaman aboard the F/V FORTUNA.

4. At all times material, Versaggi was the owner and the operator of the F/V FORTUNA, by manning, suppling, maintaining, controlling, and operating it; and was Plaintiff's Jones Act employer.

5. At all times material, Versaggi's principal place of business was located in Tampa, Hillsborough County, Florda, which is within this judicial district. At all relevant times, the F/V FORTUNA was docked in Hillsborough County, Florida.

6. While engaged in deck operations at sea, Plaintiff was instructed to lift the freezer hatch door aboard the F/V FORTUNA. While doing so, Plaintiff experienced immediate and severe pain in his lower back. The freezer hatch was improperly maintained, malfunctioning, and/or excessively heavy, and the task was unsafe for a single deckhand. Prior to the incident, Plaintiff had made multiple complaints to the captain and vessel owner regarding the hazardous condition of the hatch and requested repairs, which were not made.

7. Plaintiff promptly notified the captain "Jimmy," that had been injured while working. Due to the severity of his back injury, Plaintiff was unable to work the rest of the trip and repeatedly asked to return to port so he could get necessary medical treatment.

8. As a direct result of this incident, Plaintiff sustained severe injuries to his back and will require further medical treatment.

**COUNT I – JONES ACT NEGLIGENCE AGAINST VERSAGGI SHRIMP CORP.**

Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 8 and further alleges:

9. At all times material, Plaintiff was a seaman employed by Versaggi and working as a seaman aboard the FORTUNA within the meaning of 46 U.S.C. § 30104 (commonly known as the Jones Act).

10. Plaintiff brings a claim pursuant to the Jones Act, 46 U.S.C. § 30104 against Versaggi.

11. Versaggi owed Plaintiff a duty to provide him with a safe place to work, safe and adequate equipment to do his job, a seaworthy vessel and crew, proper training for him and other crewmembers, supervision and assistance while completing his work, and safe operational procedures.

12. Versaggi was negligent in one or more of the following ways:

    a. Failing to properly supervise, instruct, and train its personnel in deck operations;

    b. Failing to conduct a job hazard analysis prior to the deck operation where Plaintiff was injured, as to identify all risks in lifting the heavy, damaged and malfunctioning hatch, then taking precautions to eliminate or reduce those risks;

    c. Failing implement proper hatch lifting procedures, manpower requirements, and clear communication protocols;

    d. Failing to timely inspect, maintain, and repair the freezer hatch despite prior notice and complaints regarding its defective and hazardous condition;

    e. Failing to warn plaintiff of the issues with the hatch and need for additional persons to lift it;

    f. Failing to maintain proper and adequate vessel Safety Management System addressing the operations, hazards, and risks to which Plaintiff was exposed;

    g. Failing to provide Plaintiff with proper warnings of known hazards and risks relating to the operation conducted at the time of Plaintiff's injury;

    h. Failing to comply with applicable Coast Guard regulations and accepted maritime safety practices; and

    i. Failing to provide sufficient manpower and help to do the job.

13. As a direct and proximate result of Defendant Versaggi's negligence, Plaintiff's sustained injuries to his back, requiring hospitalization and continued medical treatment.

14. As a result of the injuries, Plaintiff has incurred medical expenses, loss of earnings pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life and will incur future loss of earnings/earning potential, loss of found, future medical expenses and future pain and suffering disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff Raul Alberto Timpson Miles demands judgement against Versaggi Shrimp Corp., for compensatory damages, prejudgment interest, and post-judgement interest and costs. Plaintiff demands a jury trial.

**COUNT II – UNSEAWORTHINESS CLAIM AGAINST VERSAGGI SHRIMP CORP.**

Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 8 and further alleges:

15. At all times material, Defendant Versaggi was the titled owner of the F/V FORTUNA. As owner they had a non-delegable duty to provide Plaintiff with a seaworthy vessel and crew.

16. Plaintiff brings a claim for unseaworthiness against Versaggi for breaching its duty to provide Plaintiff with a seaworthy vessel and crew.

17. A vessel is unseaworthy when its equipment, gear, appurtenances, crew, procedures, or methods of operations are not reasonably fit for their intended purposes.

18. At all times material, the F/V FORTUNA was unseaworthy in that the freezer hatch was damaged and/or not functioning properly, creating a hazardous condition. The captain "Jimmy" and the owner's representative of the vessel Justin Versaggi knew of the condition

of this freezer hatch but ignored the condition. Both were told multiple times by Plaintiff that it was a hazard.

19. Another seaman was injured by this same freezer hatch aboard the F/V FORTUNA prior to Plaintiff being injured because it was a hazard.

20. At all times material, the F/V FORTUNA, and its crew were unseaworthy in one or more of the following ways:

    a. Failing to operate the vessel in a safe and proper manner during deck operations;

    b. Failing to properly train and supervise crew in the safe deck operations;

    c. Failing to have and use safe procedures on the vessel was unsafe, hazardous, and not consistent with accepted maritime practice;

    d. Failing to adjust, modify, or suspend deck operations to account for the hazardous and defective condition of the freezer hatch and to make the operation safe until repairs could be completed;

    e. Failing to maintain, inspect, and repair the freezer hatch, which was defective, malfunctioning, excessively heavy, and not reasonably fit for its intended use;

    f. Failing to adjust the deck operations to account for the hazardous condition the door presented to the crew and make it safe for use until it could be repaired;

    g. Failing to repair the freezer hatch, or remove it from service, when the owner was given notice of its hazardous condition, including notice that another seaman was injured while using the same hatch;

    h. Failing to maintain proper and adequate vessel Safety Management System addressing the operations, hazards, and risks to which Plaintiff was exposed;

    i. Failing to provide Plaintiff with proper warnings of known hazards and risks relating to the deck operation conducted at the time of Plaintiff's injury;

    j. Failing to outfit the vessel with equipment, lines, or freezer hatch door configuration that were reasonably fit for safe use under the circumstances; and

    k. Failing to have sufficient manpower to do the job.

21. As a result of the unseaworthiness of the F/V FORTUNA and her captain, Plaintiff's sustained injuries to his back requiring hospitalization and continued medical treatment.

22. As a result of the injuries, Plaintiff has incurred medical expenses, loss of earnings pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life and will incur future loss of earnings/earning potential, loss of found, future medical expenses and future pain and suffering disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff Raul Alberto Timpson Miles demands judgement against Defendant Versaggi Shrimp Corp., for compensatory damages, prejudgment interest, and post-judgement interest and costs. Plaintiff demands a jury trial.

**COUNT III – PUNITIVE DAMAGE CLAIM FOR WILLFUL FAILURE TO PAY A SEAMAN MAINTENANCE AND CURE AGAINST VERSAGGI SHRIMP CORP.**

Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 8 and further alleges:

23. Versaggi Shrimp Corp., as Plaintiff's Jones Act employer, has a duty to provide plaintiff with medical care (known as "cure") and maintenance from the time Plaintiff was injured until he reaches maximum cure or maximum medical improvement (MMI).

24. Plaintiff has not reached MMI and is entitled to the payment of maintenance and cure form his employer Versaggi Shrimp Corp. until he reaches MMI.

25. Despite demand, Defendant Versaggi has refused to pay Plaintiff the maintenance that is owed to him under the general maritime law of the United States.

26. Plaintiff made repeated requests to the titled owner and principal of Defendant Versaggi Shrimp Corp., Justin Versaggi, for payment of medical treatment and assistance in obtaining medical care for his injury. Despite knowledge that Plaintiff was injured in the service of the F/V FORTUNA, Justin Versaggi denied Plaintiff any payments, refused to assist Plaintiff in obtaining medical treatment, and stated that he was not an "Uber driver" (when Plaintiff asked Justin to take him to the hospital for treatment).

27. Plaintiff also requested that Justin Versaggi provide and pay for reasonable shoreside lodging while Plaintiff sought medical treatment for the injuries he sustained aboard the F/V FORTUNA. Justin Versaggi refused and would only allow Plaintiff to remain aboard the vessel, despite knowing that Plaintiff was physically unable to climb in and out of his bunk or safely maneuver about the vessel due to his injuries. When advised of Plaintiff's physical limitations and need for alternative accommodations, Justin Versaggi stated that "it was not his problem."

28. Justin Versaggi further attempted to interfere with Plaintiff's receipt of medical care by threatening Plaintiff and instructing him to falsely report to medical providers that his injury occurred while performing automobile work rather than while working aboard the vessel F/V FORTUNA.

29. The actions of the Versaggi in denying the plaintiff his maintenance and cure, despite Plaintiff's demand for maintenance and cure, have been arbitrary, callous, willful and without regard for the undisputed maritime rights of Plaintiff as a seaman.

30. Plaintiff has had to hire the undersigned law firm to file this lawsuit to pursue his claim for the willful and arbitrary and capricious failure to pay his maintenance and cure. The undersigned is therefore entitled to recover from the Versaggi a reasonable attorney's fee for seeking to enforce Plaintiff's undeniable right to receive a seaman's maintenance and cure.

31. Defendant Versaggi Shrimp Corp. conducted no reasonable investigation into Plaintiff's entitlement to maintenance and cure before denying payment.

WHEREFORE, Plaintiff Raul Alberto Timpson Miles demands judgement for damages against Defendant Versaggi Shrimp Corp. for maintenance and cure, prejudgment interest, and post-judgement interest, attorney's fees, punitive damages, and costs. Plaintiff demands a jury trial.

/s/ Jacob J. Munch

JACOB J. MUNCH
E-mail: jake@munchandmunch.com
Florida Bar Number 376523
CATHERINE M. SAYLOR
E-mail: casey@munchandmunch.com
Florida Bar Number 115593
WILLIAM W. MUNCH
E-mail: william@munchandmunch.com
Florida Bar Number: 1065075
MUNCH and MUNCH, P.A.
600 South Magnolia Avenue – Suite 325
Tampa, Florida 33606
Ph: (813) 254-1557 / Fax: (813) 254-5172
*Attorneys for Plaintiff.*